# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| MARION MASON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 4:11-CV-637 CAS |
| v. ) | |
| ) | |
| SAILORMEN INC., ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This diversity matter is before the Court on plaintiff's "Motion to Join an Additional Defendant and Remand the Case to State Court or in the Alternative Allow Plaintiff to Voluntarily Dismiss this Action." The defendant opposes the motion. Plaintiff did not file a reply and the time do so has passed, so the motion is ready for decision. For the following reasons, the Court will deny plaintiff's motion for leave to join an additional defendant and to remand, but will grant his alternative motion for leave to voluntarily dismiss this action without prejudice.

**Background**

Plaintiff originally filed his petition in the Circuit Court of the City of St. Louis, State of Missouri, naming as defendant Sailormen Inc. The petition alleges that plaintiff became ill with salmonella poisoning within twenty-four hours after consuming chicken at defendant's Popeye's Chicken restaurant, and asserts claims of negligence and strict liability against defendant. On April 11, 2011, defendant removed the action to this Court on the basis of diversity jurisdiction.

In the Motion for Leave to Amend, plaintiff seeks leave to file an amended complaint to add as a defendant Diner's Delight, which it describes as a "sole-proprietorship and a citizen of Missouri," a restaurant owned and operated by Jo Alma Houston, a citizen of Missouri. The

proposed amended complaint continues to assert claims against Sailormen Inc. and, pleading in the alternative, alleges that plaintiff became ill with salmonella poisoning forty-eight hours after eating at Diner's Delight and asserts claims against it for negligence and strict liability.

**Legal Standard**

"Rule 15(a) of the Federal Rules of Civil Procedure governs motions for leave to amend pleadings and generally supports the liberal granting of such motions 'when justice so requires.' Rule 16(b), however, provides that scheduling orders limit the time for amending pleadings and that a schedule established by such an order 'shall not be modified except upon a showing of good cause.'" Schenk v. Chavis, 259 F. App'x 905, 907 (8th Cir. 2008).

Where a party seeks leave to amend its complaint after the deadline in the case management order has passed, as here, Fed. R. Civ. P. 16(b)'s good-cause standard applies, not the standard of Rule 15(a). Under Rule 16(b), the party must show good cause to be granted leave to amend. Sherman v. Winco Fireworks, Inc., 532 F.3d 709, 716 (8th Cir. 2008). "The primary measure of good cause is the movant's diligence in attempting to meet the order's requirements." Rahn v. Hawkins, 464 F.3d 813, 822 (8th Cir. 2006). "While the prejudice to the nonmovant resulting from modification of the scheduling order may also be a relevant factor, generally, we will not consider prejudice if the movant has not been diligent in meeting the scheduling order's deadlines." Sherman, 532 F.3d at 717.

In the removal context, the traditional amendment analysis is further informed by the provisions of 28 U.S.C. § 1447(e). "'If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the state court.'" Alpers Jobbing Co., Inc. v. Northland Cas. Co., 173 F.R.D. 517, 519 (E.D. Mo. 1997) (quoting 28 U.S.C. § 1447(e)). "Under § 1447(e) the joinder

2

or substitution of non-diverse defendants after removal destroys diversity, regardless whether such defendants are dispensable or indispensable." Id. (citation omitted).

In deciding whether to permit joinder, the Court should weigh the competing interests of the defendant in maintaining federal jurisdiction and of the plaintiff in joining a party. The inquiry includes consideration of the extent to which the purpose of the amendment is to obtain a remand, whether the request for amendment was timely made, whether the plaintiff will be significantly injured if amendment is not allowed, and any other factors bearing on the equities. Alpers, 173 F.R.D. at 520; see also Kirk v. MetLife Investors USA Ins. Co., 2007 WL 4395632 at *1 (E.D. Mo. Dec. 13, 2007).

Finally, it is well established that good reason to deny leave to amend exists if the amendment would be futile. Williams v. Little Rock Mun. Water Works, 21 F.3d 218, 225 (8th Cir. 1994) (citing Foman v. Davis, 371 U.S. 178, 182 (1962)). When a court denies leave to amend on the basis of futility, it means the court has reached the legal conclusion that the amended complaint could not withstand a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Cornelia I. Crowell GST Trust v. Possis Medical, Inc, 519 F.3d 778, 781-82 (8th Cir. 2008) (cited case omitted)

**Discussion**

Plaintiff moves for leave to amend on the basis that as a result of deposition testimony on April 17, 2012 by defendant's expert Dr. Camins, he learned that defendant intends to offer evidence that plaintiff's salmonella poisoning and resulting kidney infarction were more likely than not caused by plaintiff's meal at Diner's Delight, not the chicken at defendant's restaurant. Plaintiff states that if he is not allowed to join Diner's Delight as a defendant and Dr. Camins is allowed to offer these opinions at trial, plaintiff will be in an "empty chair" situation where he will be forced

to defend a party that is not present while at the same time limiting his right to compel discovery and witnesses, which would result in an injustice and a violation of his right to a fair trial. Plaintiff states that immediately following Dr. Camins' deposition, he informed defendant's counsel that he intended to seek leave to join Diner's Delight, and cancelled the deposition of a corporate witnesses and a Rule 30(b)(6) witness in order to avoid deposing these witnesses twice.

Defendant opposes the motion on the grounds that plaintiff's primary purpose in seeking to amend is to obtain remand, plaintiff unreasonably delayed in seeking leave to amend as he knew at least five months ago that his meal at Diner's Delight was a possible source of the salmonella poisoning based on his own expert's testimony, and that defendant will be prejudiced if leave is granted because the trial date will have to be continued and witnesses will have to be redeposed. Defendant does not address plaintiff's alternative motion for leave to voluntarily dismiss this action without prejudice.

As a threshold matter the Court must consider whether Diner's Delight would be a proper party to this action and whether its joinder would destroy diversity in this case. Although both parties apparently believe that joinder of Diner's Delight would destroy diversity, the Court disagrees because Diner's Delight is not a suable entity.

The capacity to sue or be sued is in federal court is addressed in Federal Rule of Civil Procedure 17(b), which states:

Capacity to sue or be sued shall is determined as follows:

(1) for an individual who is not acting in a representative capacity, by the law of the individual's domicile;

(2) for a corporation, by the law under which it was organized; and

(3) for all other parties, by the law of the state where the court is located, except that:

4

> (A) a partnership or other unincorporated association with no such capacity under that state's law may sue or be sued in its common name to enforce a substantive right existing under the United States Constitution.

. . . .

Plaintiff's motion for leave to amend states that Diner's Delight is a Missouri sole proprietorship owed by Jo Alma Houston, a citizen of Missouri. The proposed Amended Complaint adds Diner's Delight as a defendant, and asserts that it is a sole proprietorship. Under Rule 17(b)(3), the Court looks to Missouri law to determine whether a sole proprietorship has the capacity to sue or be sued.[1] Under Missouri law, a sole proprietorship is not a separate legal entity from its owner. The Missouri Supreme Court has stated that "[s]ole proprietors . . . are not separate and distinct from the business they own." Bethel v. Sunlight Janitor Serv., 551 S.W.2d 616, 621 (Mo. 1977) (en banc). "The only business enterprise known to our jurisprudence having an existence separate from its owners is the corporation." Scott v. Edwards Transp. Co., Inc., 807 S.W.2d 75, 81 (Mo. 1991) (en banc), overruled on other grounds by Hampton v. Big Boy Steel Erection, 121 S.W.2d 220 (Mo. 2003) (en banc). "By definition, a sole proprietorship has a single owner and is characterized by the complete identity of the business entity with the individual doing business." Morgan Wightman Supply Co. v. Smith, 764 S.W.2d 485, 492 (Mo. Ct. App. 1989) (citation and quotation marks omitted).

Although the Court has found no Missouri decisions on this point, courts in other jurisdictions in which sole proprietorships are viewed as having no independent legal existence have held that sole proprietorships lack the capacity to sue or be sued. See, e.g., Patterson v. V & M Auto Body, 589 N.E.2d 1306, 1308 (Ohio 1992). Several federal courts in applying Rule 17(b) have

---

[1] The exception contained in Rule 17(b)(3) is inapplicable here.

come to the same conclusion under the laws of various states. See, e.g., Borah v. Monumental Life Ins. Co., 2005 WL 351040, at *2 (E.D. Pa. Feb. 14, 2005) (applying Pennsylvania law; dismissing claims against sole proprietorship as lacking capacity to be sued); Burger v. Kuimelis, 325 F.Supp.2d 1026, 1033 (N.D. Cal. June 28, 2004) (applying California law); America Online Latino v. American Online, Inc., 250 F.Supp.2d 351, 353 n.2 (S.D.N.Y. 2003) (applying New York law); Cashco Oil Co. v. Moses, 605 F. Supp. 70, 71 (N.D. Ill.1985) (applying Illinois law; dismissing sole proprietorship as a defendant because it was not separately suable). These cases indicate that when a state's law does not consider a sole proprietorship to be a separate legal entity, a suit involving a sole proprietorship must name the owner as the party plaintiff or defendant, and not the sole proprietorship itself.

As a result, if the Court were to grant plaintiff's motion for leave to amend, the addition of Diner's Delight to the action would not destroy diversity of citizenship because under Missouri law it is not a legal entity that may sue or be sued, and the amended complaint could not withstand a motion to dismiss under Rule 12(b)(6), Fed. R. Civ. P.[2] As a result, plaintiff's motion for leave to amend is futile and should be denied on that basis.

The Court turns to plaintiff's alternative motion for leave to voluntarily dismiss this action under Rule 41(a)(2). "Rule 41(a)(2) is primarily intended to prevent a plaintiff from voluntarily dismissing a lawsuit when such a dismissal would 'unfairly affect' the defendant." Beavers v. Bretherick, 227 F. App'x 518, 521 (8th Cir. 2007) (quoting Paulucci v. City of Duluth, 826 F.2d 780, 782 (8th Cir. 1987)). The decision to grant or deny a plaintiff's motion to voluntarily dismiss a lawsuit is left to the sound discretion of the Court. See, e.g., Cahalan v. Rohan, 423 F.3d 815, 818

---

[2]The addition of Ms. Houston as a party to this action would destroy complete diversity of citizenship, but plaintiff's proposed Amended Complaint does not name Houston as a defendant.

(8th Cir. 2005). In determining whether to grant plaintiff's motion for voluntary dismissal, the Court considers the following factors: (1) whether plaintiff has presented a proper explanation for the desire to dismiss, (2) whether defendant has expended considerable effort and expense in preparing for trial, (3) whether plaintiff exhibited "excessive delay and lack of diligence" in prosecuting the case, and (4) whether defendant has filed a motion for summary judgment. Paulucci, 826 F.2d at 783.

The Eighth Circuit has instructed that a showing of "plain legal prejudice" is required to deny a dismissal without prejudice. See Armstrong v. Adams, 869 F.2d 410, 414 (8th Cir. 1989) ("To set aside a voluntary dismissal under Fed. R. Civ. P. 41(a), [a defendant] must demonstrate plain legal prejudice arising from the dismissal."). To demonstrate the required level of prejudice, a defendant must show more than that the plaintiff will gain a tactical advantage as a result of its action. Hoffmann v. Alside, Inc., 596 F.2d 822, 823 (8th Cir. 1979) (per curiam).

The Court finds that plaintiff has presented a proper explanation of the desire to dismiss, in that he seeks to join another party who may in fact be responsible for his injuries, and who defendant will seek to blame at trial. The record indicates that the parties have conducted discovery in this matter, including expert discovery, but no dispositive motion has been filed and the trial setting is not until November 2012, so defendant has not been required to expend time and expense with respect to dispositive motions or trial. The Court also notes that plaintiff took affirmative steps to minimize defendant's prejudice by cancelling the corporate and Rule 30(b)(6) depositions. Defendant has not alleged the required level of prejudice to preclude a voluntary dismissal.

Finally, although defendant contends that plaintiff's delay in seeking leave to amend is excessive and unwarranted, the Court disagrees. While plaintiff's expert conceded on cross-examination that plaintiff ate the turkey dinner from Diner's Delight within the incubation period

7

for salmonella poisoning, the expert maintained there was a "much lower degree of probability" the earlier meal was the cause. Liebhaber Dep. at 28. In contrast, defendant's expert testified it was much more likely that plaintiff's salmonella poisoning was caused by the dinner at Diner's Delight, based in part of the status and timing of plaintiff's kidney infarction. Camins Dep. at 33-35, 45-46. Faced with this evidence, it was reasonable for plaintiff to decide that he needed to join Diner's Delight to avoid the "empty chair" scenario at trial.

For these reasons, the Court will grant plaintiff's motion for leave to voluntarily dismiss this action without prejudice under Rule 41(a)(2).

**Conclusion**

For the foregoing reasons, the Court concludes that plaintiff's motion for leave to amend his complaint to add Diner's Delight as a party defendant and to remand should be denied. Plaintiff's alternative motion for leave to voluntarily dismiss this action without prejudice should be granted.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's "Motion to Join an Additional Defendant and Remand the Case to State Court or in the Alternative Allow Plaintiff to Voluntarily Dismiss this Action" is **GRANTED in part** and **DENIED** in part; the motion is **DENIED** as to the motion to join an additional defendant and remand to state court, and **GRANTED** as to the alternative motion for leave to voluntarily dismiss without prejudice.. [Doc. 14]

**IT IS FURTHER ORDERED** that this matter is **DISMISSED** without prejudice.

A separate Order of Dismissal will accompany this Memorandum and Order.

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this  31st  day of May, 2012.